William M. Fitzgerald, Esq.
LAW OFFICES OF WILLIAM M. FITZGERALD
2nd Fl. Macaranas Bldg., Garapan Beach Road
P.O. Box 500909
Saipan, MP 96950
Telephone: (670) 234-7241
Fax: (670) 234-7530

Attorney for Plaintiff

FILED
Clerk
District Court

FEB 2 5 2014

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOSEPH D. LOPEZ, SR., | CIVIL CASE NO. CV 14-0005 |
| Plaintiff, | |
| v. | COMPLAINT |
| PDJ INTERNATIONAL, INC., | |
| Defendant. | |

COMES NOW Plaintiff Joseph D. Lopez, Sr. ("Lopez") and for his complaint states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C.S. §1332(a).

2. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact herein is wholly between citizens of different states for diversity purposes.

3. Venue is proper pursuant to 28 U.S.C. §1391(a)(2), because the events giving rise to this cause of action occurred in the Commonwealth of the Northern Mariana Islands.

## PARTIES

4. Plaintiff Lopez, is and at all times mentioned herein was domiciled in and a citizen of the Territory of Guam.

5. Defendant PDJ international, Inc. ("PDJ International") is a corporation established and existing under the laws of the CNMI, with its principle place of business in Saipan, CNMI.

## FACTS

6. In 1997, PDJ International was incorporated by Paul Romias, Paul Q. Romias II, and Joseph D. Lopez, Sr.. From the 1000 outstanding shares, Paul Romias purchased 334 shares, Paul Q. Romias II and Lopez each purchased 333 shares.

7. PDJ International was organized for the purpose of engaging in any lawful act or activity authorized by CNMI law.

8. In its annual report for the year 2011, PDJ International listed its business activities as consulting services.

9. PDJ international receives a management fee each year from Na ka Oi Saipan. This fee has ranged between $1500 and $3000 per month.

10. PDJ International holds 39.9% of the stock of No Ka Oi Philippines, a successful pest control company in the Philippines.

11. Each year, No Ka Oi Philippines transfers dividends to PDJ International.

12. In the past, profits earned by PDJ International through these activities were divided pursuant to shareholding and distributed to the three shareholders as dividends.

13. Since 2010, PDJ International, while continuing to receive profits from No Ka Oi Philippines and management fees from Na Ka Oi Saipan, has failed to provide plaintiff with his rightful dividend.

14. On May 1, 2012, plaintiff requested in writing copies of corporate records pursuant to 4 C.M.C. §4682(a) and (e) for the purpose, *inter alia*, of determining the appropriate value of the shares held by plaintiff. A copy of the demand is attached hereto as Exhibit "A".

15. Defendant ignored this request and failed to provide copies or inspection of the corporate records.

16. Based on past financial records of the corporation, that plaintiff has had access to, the profits made by PDJ International since January 2010 and subject to equal distribution as dividends to the three equal shareholders is in excess of $240,000.

## FIRST CAUSE OF ACTION

## FAILURE TO ALLOW INSPECTION AND COPYING OF CORPORATE RECORDS

17. Plaintiff realleges and incorporates by reference as if fully set forth herein paragraphs 1 through 16.

18. On May 1, 2012, plaintiff requested inspection of PDJ International's corporate records pursuant to Commonwealth law for the purpose, *inter alia*, of determining the manner and fidelity in which the affairs of the corporation had been handled and to determine the value of plaintiff's interest and entitlements in the corporation.

19. This request was not made for the purpose of harassing the corporation or for use in injuring the corporation or for any other wrongful purpose.

20. Despite plaintiff's entitlement to inspect and copy the corporate records of defendant PDJ International pursuant to CNMI law, the defendant failed and refused to allow said inspection and continues to fail and refuse to allow the proper inspection of the corporate records.

3

21. By reason of the refusal of PDJ International to permit an inspection of defendant's corporate records, plaintiff is unable to determine whether the corporation's affairs are being handled with fidelity and unable to determine the value of his interest in the corporation.

## SECOND CAUSE OF ACTION

## WRONGFUL DISTRIBUTION OF DIVIDENDS

22. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21.

23. Plaintiff is the owner of 333 shares of the corporate stock of PDJ International and entitled to his proper share of dividends with the other two shareholders, Paul Romias with 334 shares and Paul Q. Romias II with 333 shares.

24. Since January 2010, PDJ International has failed, despite demand, to supply plaintiff with any corporate financial documents, which would allow plaintiff to determine the financial condition of the defendant and the value of his investment.

25. Since 2010, PDJ International, instead of properly distributing dividends to all its shareholders, has wrongfully been paying fees and salaries to two of the shareholders, while plaintiff received nothing.

26. The payments by PDJ International of salaries and fees are disguised dividends labeled as salaries and fees solely for the purpose of avoiding proportionate distribution to the three shareholders.

27. Defendant PDJ International's failure to allow plaintiff access to and inspection of the corporate records has allowed and facilitated its wrongful distribution of dividends disguised as salaries and fees.

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief:

1. An Order requiring PDJ International to provide a full accounting of all the company's finances since 2010;

2. An Order requiring defendant to allow plaintiff to inspect and copy the corporate records of PDJ International pursuant to CNMI law;

3. Judgment in an amount equal to all the unpaid dividends plaintiff is entitled to, and the value of plaintiff's interest in the company; and

4. For such other and further relief as the Court deems appropriate.

DATED this 25th day of February, 2014.

LAW OFFICE OF WILLIAM M. FIZGERALD

William M. Fitzgerald, Esq.
Attorney for Plaintiff Joseph D. Lopez, Sr.